# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN RUSHTON )<br>    Plaintiff )<br>)<br>vs. )<br>)<br>FBOP, et al, )<br>) | C.A.No. 10-37 Erie<br><br>Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that this case be dismissed due to Plaintiff's failure to prosecute.

**II.    REPORT**

    **A.    Relevant Procedural History**

Plaintiff, acting pro se, filed this civil action on February 16, 2010, by filing a motion for in forma pauperis status and an accompanying complaint. This Court granted Plaintiff's request to proceed without payment of the filing fee and ordered the U.S. Marshal to serve the complaint upon Defendants.

By letter filed May 13, 2010, the Marshal Service informed that Court that Plaintiff had not completed the necessary forms in order to accomplish service of the complaint. ECF No. 12.

By Order dated August 2, 2010, this Court directed Plaintiff to show cause before August 20, 2010, for this failure to cooperate with the Marshal Service. ECF No. 13. The order warned that the failure to comply would result in the dismissal of this action. As of today's date, Plaintiff has failed to comply with that order.

1

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. <u>Id.</u> at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. <u>Hicks v. Feeney</u>, 850 F.2d 152 (3d Cir. 1988).

Applying the <u>Poulis</u> factors to the present matter, this Court recommends the dismissal of this matter. Since the filing of this matter, Plaintiff has taken none of the necessary first steps to prosecute this case. Further, Plaintiff has ignored an order by this Court. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although Plaintiff's allegations may state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that this case be dismissed due to Plaintiff's failure to prosecute.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties are allowed fourteen (14) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. <u>See</u> Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. <u>See</u> <u>Nara v. Frank</u>, 488 F.3d 187 (3d Cir. 2007).

                                                <u>S/Susan Paradise Baxter</u>
                                                SUSAN PARADISE BAXTER
                                                UNITED STATES MAGISTRATE JUDGE

Dated: August 30, 2010